IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH DUANE ARLINE, JR.,

      Plaintiff,                          No. 2:11-cv-3414 KJN P

    vs.

R. GOWEN, et al.,

      Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that he was deprived of outdoor exercise for 83 days.  Plaintiff names four individuals as defendants and alleges that defendants "directly participated in, aware of, approved, the constitutional violation."  (Dkt. No. 1 at 3.)

> The Civil Rights Act under which this action was filed provides as follows:
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named

3

defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Prison officials may violate the Eight Amendment's prohibition on cruel and unusual punishments if they deprive the inmate of "a single, identifiable human need such as food, warmth or exercise." Wilson v. Seiter, 501 U.S. 294, 304 (1991). To sufficiently allege an Eighth Amendment violation, however, the inmate must "objectively show that he was deprived of something 'sufficiently serious,' " and "make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

The Ninth Circuit recently repeated that "exercise is one of the most basic human necessities protected by the Eighth Amendment." Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); see also LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) ("[O]rdinarily the lack of outside exercise for extended periods is a sufficiently serious deprivation" for Eighth Amendment purposes.). A prohibition on outdoor exercise of six weeks is a "sufficiently serious" deprivation to support an Eighth Amendment claim. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) ( en banc ); Allen v. Sakai, 48 F.3d 1082, 1086 (1994).

Once an individual has shown objectively that he was deprived of something sufficiently serious, the court must consider whether the risk to the inmate was sufficiently obvious to the prison officials that they must have been aware of the severity of the deprivation. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). This second step in showing deliberate

4

indifference involves a two-part inquiry: first, the inmate must show that the prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety. Id. (quoting Farmer, 511 U.S. at 837). In other words, plaintiff must show that the risk posed by the deprivation is obvious. Thomas, 611 F.3d at 1150. Second, the inmate must show that the prison officials had no "reasonable" justification for the deprivation, in spite of that risk. Id.

However, prison officials may act reasonably in depriving inmates of exercise when they respond to a "genuine emergency." Thomas, 611 F.3d at 1154. Such an emergency may occur following outbreaks of extraordinary levels of violence in a prison. Norwood v. Vance, 591 F.3d 1062, 1068-69 (9th Cir. 2010) (In the face of "extraordinary violence gripping the prison," "a reasonable officer could have believed that restricting Norwood's outdoor exercise was consistent with the Eighth Amendment.") Other district courts have found no Eighth Amendment liability on facts similar to those in Norwood. See, e.g., Jones v. Garcia, 430 F. Supp. 2d 1095, 1102-03 (S.D. Cal. 2006) (finding no Eighth Amendment violation where prisoner was denied outdoor exercise for ten months -- double the longest single period that Norwood's exercise was restricted -- because of ongoing violence); Hayes v. Garcia, 461 F. Supp. 2d 1198, 1201, 1207-08 (S.D. Cal. 2006) (same for nine-month denial of outdoor exercise); Hurd v. Garcia, 454 F. Supp. 2d 1032, 1042-45 (S.D. Cal. 2006) (same for five-month denial).

Here, plaintiff failed to set forth the specific acts each defendant allegedly took that subjected plaintiff to the deprivation of outdoor exercise. Thus, while an 83 day deprivation of outdoor exercise meets the objective prong of Farmer, plaintiff failed to address the subjective prong. That is, plaintiff must allege facts demonstrating each defendant was aware of a substantial risk of serious harm to plaintiff and that each defendant had no reasonable justification for the deprivation in spite of that risk. Thomas, 611 F.3d at 1150.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement

as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which each defendant engaged in that support plaintiffs claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. However, the court will grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

6

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint.

DATED: December 23, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

arli3414.14

|   |   |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH DUANE ARLINE, JR.,

    Plaintiff,                            No. 2:11-cv-3414 KJN P

    vs.

R. GOWEN, et al.,                          NOTICE OF AMENDMENT

    Defendants.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____        Amended Complaint

DATED:

                                                    Plaintiff