IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH DUANE ARLINE, JR.,

       Plaintiff,              No. 2:11-cv-3414 KJN P

   vs.

R. GOWER, et al.,

       Defendants.        <u>ORDER</u>

_____/

       Plaintiff is a state prisoner, proceeding without counsel, with an action brought under 42 U.S.C. § 1983.  Plaintiff filed a motion for a discovery order, and seeks appointment of counsel.

       1.  <u>Discovery Order</u>

       Plaintiff seeks a discovery order so that plaintiff may seek facts to support his claims.  Defendants oppose plaintiff's motion on the grounds that their motion to dismiss is pending, and that plaintiff failed to demonstrate why early discovery is required, particularly where plaintiff seeks retrospective relief in the form of compensatory and punitive damages.  Defendants also correctly note that it is the practice of the Eastern District to refrain from issuing discovery orders until defendants have answered the complaint.

////

1

1   Defendants' arguments are well-taken.  The court has, by separate findings and

2   recommendations, ruled on defendants' motion to dismiss, which will require review by the

3   district court.  Thus, it is inappropriate, at this time, to issue a discovery order pending final

4   ruling on the motion to dismiss.  Plaintiff is advised that the court will issue a discovery and

5   scheduling order once defendants have filed an answer.

6   Plaintiff's motion for discovery order is denied without prejudice.

7   2.  Request for Appointment of Counsel

8   Plaintiff requests appointment of counsel.  District courts lack authority to require

9   counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist.

10  Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an

11  attorney to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v.

12  Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

13  (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must

14  consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to

15  articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v.

16  Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to

17  appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

18  Circumstances common to most prisoners, such as lack of legal education and limited law library

19  access, do not establish exceptional circumstances that warrant a request for voluntary assistance

20  of counsel.

21  Having considered the factors under Palmer, the court finds that plaintiff has

22  failed to meet his burden of demonstrating exceptional circumstances warranting the

23  appointment of counsel at this time.

24  Accordingly, IT IS HEREBY ORDERED that:

25  1.  Plaintiff's motion for discovery order (dkt. no. 31) is denied without prejudice;

26  and

2

1          2.  Plaintiff's motion for the appointment of counsel (dkt. no. 33) is denied

2   without prejudice.

3   DATED:  January 29, 2013

4

5                                          _Kendall J. Newman_____

6                                          KENDALL J. NEWMAN
                                           UNITED STATES MAGISTRATE JUDGE
7   arli3414.31.kjn

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26