IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH DUANE ARLINE, JR.,

    Plaintiff,                    No. 2:11-cv-3414 KJN P

    vs.

GOWER, et al.,                  ORDER AND

    Defendants.            FINDINGS AND RECOMMENDATIONS

                            /

I. Introduction

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons stated herein, the undersigned recommends that defendants' motion be denied.

II. Legal Standard for Motion to Dismiss

        Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the

---

[1] Defendant Davey joined in the motion. (Dkt. No. 28.)

1

court must accept as true the allegations of the complaint in question, <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969); <u>Meek v. County of Riverside</u>, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

   A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).

   In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." <u>Outdoor Media Group, Inc. v. City of Beaumont</u>, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). However,

under the "incorporation by reference" doctrine, a court may also review documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted and modification in original). The incorporation by reference doctrine also applies "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Id.

> In considering a Rule 12(b)(6) motion, a district court generally may not take into account material beyond the complaint. Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007). However, there are exceptions to the general rule. Under the "incorporation by reference" doctrine, we may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (alteration in original) (internal quotation marks omitted); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed.2d 179 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

Dunn v. Castro, 621 F.3d 1196, 1205 n.6 (9th Cir. 2010).

III. Plaintiff's Claims

This action is proceeding on the verified amended complaint filed June 28, 2011, as to defendants Chief Deputy Warden R.L. Gower, Associate Warden D. Davey, Lt. D. Hitt, and Sgt. G. Speers, all employed at High Desert State Prison ("HDSP"). (Dkt. No. 15.) Plaintiff alleges that he was confined to his cell approximately 24 hours per day, seven days per week, for a period of 83 days, without outside exercise, during a modified program. (Id. at 4.) Plaintiff alleges that he sought medical treatment for the injuries he sustained from the lack of exercise. (Id. at 4-5.)

3

Plaintiff provided copies of his administrative appeals regarding his efforts to obtain access to the concrete yard/mini yard to get exercise during the modified program. (Id. at 9-18.) Plaintiff alleges that defendants Davey improperly denied his administrative appeal regarding the modified program, and defendants Gower, Hitt and Speers improperly approved the denial of plaintiff's administrative appeals regarding the modified program. (Id. at 5-7.) Plaintiff also alleges that each named defendant "approved and maintained the modified programming knowing plaintiff would be deprived of outdoor exercise." (Dkt. No. 15 at 5-7.)

In his declaration accompanying the operative complaint, plaintiff declares that each defendant "possessed the authority to cease the deprivation of outdoor exercise due to the imposed modified programming, after a substantial amount of time during the imposed modified programming." (Dkt. No. 17 at 2.)

This action proceeds on plaintiff's claim that the 83 day denial of outdoor exercise violated his Eighth Amendment rights. (Dkt. No. 18.)

IV. Discussion

    A. Failure to Plead Causal Connection

In the amended complaint, plaintiff alleges that defendants Chief Deputy Warden Gower and Associate Warden Davey, as top-ranking officials, "approved and maintained the modified program knowing plaintiff would be deprived of outdoor exercise." (Dkt. No. 5 at 5-6.) Plaintiff alleges that defendants Hitt and Speers "as in position Lieutenant and Sergeant," respectively, "approved and maintained the modified programming knowing plaintiff would be deprived of outdoor exercise." (Dkt. No. 5 at 6-7.) In the declaration accompanying the operative complaint, plaintiff declares that each defendant had the authority to end the modified programming. (Dkt. No. 17 at 2.)

Defendants contend that these allegations are insufficient to plead a causal connection between these defendants and the modified program because plaintiff failed to set forth facts explaining how defendants approved such a program, how they maintained such a

program, or how they were otherwise involved in the modified program.  Defendants argue that plaintiff's allegations are bare assertions of official involvement which are insufficient to withstand a Rule 12(b)(6) motion.

In his verified opposition, plaintiff contends his allegations are sufficient to show an actual connection or link to the modified program.  Plaintiff argues that he is only required to provide a short and plain statement of the facts, and affirmatively states he can prove the facts in support of his claim.  (Dkt. No. 26 at 3.)  Plaintiff avers that he "reasonably believes that" defendants Gower and Davey "approved the enforcement of the imposed modified programming which their subordinates maintained," and that defendants Hitt and Speers "personally maintained the modified programming without taking any action towards providing plaintiff with adequate outdoor exercise."  (Id. at 4.)

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

////

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205.

Because defendants were Chief Deputy Warden and Associate Warden at the time of the modified program, which apparently affected all general population Black inmates, plaintiff's allegations that they were responsible for approving, maintaining, or enforcing the modified program are not facially implausible.[2] See Twombly, 550 U.S. at 570 (a claim upon which the court can grant relief must have facial plausibility). While the roles of defendants Hitt and Speers may be more attenuated, plaintiff declares he can produce evidence to support his allegations, and that he reasonably believes that defendants Hitt and Speers maintained the

---

[2] Although it was not defendants' burden, if these named defendants had no connection to the modified program, defendants could have filed documentary evidence demonstrating a lack of connection if such existed. See Dunn, 621 F.3d at 1205 n.6. Neither party submitted a copy of the order placing HDSP on modified program.

6

modified program. Plaintiff also declares that each defendant had the authority to end the modified programming. As such, plaintiff's allegations are not facially implausible.

All of these allegations, taken together, are sufficient to state an Eighth Amendment violation. On a motion to dismiss, the court is required to take plaintiff's allegations as true. Accordingly, the undersigned finds that plaintiff has adequately pled a causal connection between defendants and the modified program, and defendants' motion to dismiss should be denied.

B. Eighth Amendment Exercise Claim

Defendants contend that plaintiff's Eighth Amendment claim should be dismissed because the modified program was imposed for the safety and security of the institution, and concluded within a reasonable time.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319. What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S.1, 5 (1992) (citing Whitley, 475 U.S. at 320). To prevail on an Eighth Amendment claim, the plaintiff must show, objectively, that he suffered a "sufficiently serious" deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The plaintiff must also show that each defendant had, subjectively, a culpable state of mind in causing or allowing plaintiff's deprivation to occur. Farmer, 511 U.S. at 834.

Outdoor exercise is a basic human need protected by the Eighth Amendment, and the denial of outdoor exercise may violate the Constitution, depending on the circumstances.

Richardson v. Runnels, 594 F.3d 666 (9th Cir. 2010); Norwood v. Vance, 591 F.3d 1062, 1070 (9th Cir. 2010). While the "temporary denial of outdoor exercise with no medical effects is not a substantial deprivation," Norwood, 591 F.3d at 1070 (internal quotation and citation omitted), when an inmate alleges the denial of constitutionally adequate outdoor exercise, the inquiry is fact specific and thus requires full consideration of the context in which the denial occurred based on a fully developed record. Richardson, 594 F.3d at 672; Norwood, 591 F.3d at 1068-70. "[W]hen balancing the obligation to provide for inmate and staff safety against the duty to accord inmates the rights and privileges to which they are entitled, prison officials are afforded 'wide-ranging deference.'" Norwood, 591 F.3d at 1069 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979).

In the operative complaint, plaintiff alleges that defendants deprived him of outdoor exercise for a period of 83 days, subjecting him to injury for which he sought medical treatment, despite the availability of a separate concrete yard that plaintiff alleges could safely be used for exercise during the modified program. In administrative appeals appended to the complaint, Chief Deputy Warden Gower responded to plaintiff's claim that the lockdown was the result of an isolated incident:

> on February 19, 2011, a Black inmate attempted to murder a correctional officer on Facility C, by stabbing him repeatedly with an inmate manufactured weapon. The correctional officer sustained life threatening injuries. As a result, the Black inmate population was placed on a modified program, in order to conduct the necessary interviews of that population in an effort to identify any further plans to assault correctional staff. The modified program was also necessary to allow staff to complete searches of the entire facility in an effort to locate any additional inmate manufactured weapons or weapon stock materials. These steps were necessary to ensure the safety of staff, inmates and the security of the institution. On May 18, 2011,[3] these steps were completed and . . . [the] Black population was then released from the modified program and returned to normal program. . . .

---

[3] Although plaintiff alleges the modified program was lifted on May 13, 2011, defendant Gower wrote that the modified program was returned to normal program on May 18, 2011.

(Dkt. No. 15 at 16.) Defendants contend that this demonstrates that the modified program was implemented and maintained with the goal to protect the safety and security of correctional staff. Defendants argue that because defendants' obligation to maintain order and protect inmates and institutional security takes precedence over the prison's outdoor exercise program, the modified program was reasonable, terminated as soon as safe and practicable, and did not violate plaintiff's Eighth Amendment rights. Defendants rely on <u>Norwood</u> and <u>Noble v. Adams</u>, 646 F.3d 1138 (9th Cir. 2011), to support their position that the temporary denial of outdoor exercise in the furtherance of prison security does not categorically amount to an Eighth Amendment violation.

        In his verified opposition, plaintiff argues that it is inappropriate to resolve this issue at the pleading stage because resolution of this case turns on specific issues of fact. (Dkt. No. 26 at 5.) Plaintiff concedes that the modified program was the result of a safety response, but argues that the deprivation of outdoor exercise was unreasonable, and that the modified program was not imposed under a genuine emergency. (Dkt. No. 26 at 5.) In addition, given the availability of the secured concrete yard, plaintiff contends that the prolonged deprivation of outdoor exercise was not reasonable under the circumstances. Plaintiff declares that he received medical treatment for lower back injuries and migraines he sustained during the deprivation. (<u>Id.</u> at 9.)

        The Ninth Circuit has clearly established that a deprivation of exercise may constitute an Eighth Amendment violation. <u>Richardson</u>, 594 F.3d at 672; <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1042 (9th Cir. 2005).[4]

---

[4] As the Ninth Circuit noted in <u>Hearns</u>:

"[E]xercise has been determined to be one of the basic human necessities protected by the Eighth Amendment," <u>LeMaire v. Maass</u>, 12 F.3d 1444, 1457 (9th Cir. 1993), and a long-term deprivation of outdoor exercise for inmates is unconstitutional, <u>see id.</u> at 1458 ("[T]his circuit has determined the long-term denial of outside exercise is unconstitutional.") (emphasis in original). <u>See also</u> <u>Spain v. Procunier</u>, 600 F.2d 189, 199 (9th Cir. 1979) ("There is substantial

An extended ban on outdoor exercise, after resolution of the exigent circumstances that warranted an initial lockdown, may support an inference that prison officials deliberately and knowingly refused to meet a plaintiff's basic exercise needs. See Johnson v. Lewis, 217 F.3d 726, 733-34 (9th Cir. 2000) (noting heightened judicial deference accorded to prison officials during emergency circumstances, as set forth in Whitley v. Albers, 475 U.S. 312 (1986), as compared to more routine challenges to conditions of confinement, governed by the

---

> agreement among the cases in this area that some form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates."); Toussaint v. Yockey, 722 F.2d 1490, 1493 (9th Cir. 1984) (holding that the district court did not err in concluding that the denial of outdoor exercise to inmates assigned to administrative segregation for over one year raised "substantial constitutional question").

Hearns, 413 F.3d at 1042.

> More recently, another magistrate judge recounted:
>
> Inmates have a constitutional right to exercise and the denial of out-of-cell exercise for an extended period of time is sufficiently serious to state a claim under the Eighth Amendment. Thomas [v. Ponder], 611 F.3d [1144] at 1151-52 [(9th Cir. 2010)]. No bright line exists in terms of how many hours of out-of-cell exercise per week satisfy the Constitution. Noble v. Adams, 646 F.3d 1138, 1139-41 (9th Cir. 2011) (no outdoor exercise or other privileges for approximately sixteen months); Hebbe v. Pliler, 627 F.3d 338, 343-44 (9th Cir. 2010) (inmate permitted out of his cell for only eight hours a week and impermissibly required to choose between exercise and law library access during those hours); Thomas, 611 F.3d at 1151–52 (no out-of-cell exercise for thirteen months); Pierce v. County of Orange, 526 F.3d 1190, 1211–13 (9th Cir. 2008) (at least two days a week for at least two hours total per week sufficient exercise); LeMaire [v. Maass], 12 F.3d [1444] at 1457–58 [(9th Cir. 1993)] (no out-of-cell exercise for most of a five-year period); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994) (in-cell confinement for almost twenty-four hours a day and forty-five minutes of outside exercise per week for a six-week period); Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979) (fewer than five hours of exercise per week and no outdoor exercise for some inmates over a period of years). Short-term, temporary deprivations of exercise without medical effects are not sufficiently serious to support an Eighth Amendment claim, Thomas, 611 F.3d at 1155; Norwood [v.Vance], 591 F.3d 1062, 1070 (9th Cir.2010); May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997); Allen, 48 F.3d at 1088, but the deprivation of exercise for a period of six weeks can support a claim, Allen, 48 F.3d at 1088.

McKinney v. California Dept. of Corrections and Rehabilitation, 2012 WL 1909365, *8 (E.D. Cal. 2012).

1  standard set forth in Wilson v. Seiter, 501 U.S. at 294).

2  Moreover, in Norwood, prison officials were in the midst of a particularly violent period in the prison's history, and were addressing gang activity, serious inmate assaults, and numerous inmate-on-inmate assaults during the two year period of lockdowns. Id., 591 F.3d at 1065. In Noble, prison officials instituted a lockdown following a "particularly violent armed riot" which was started by a gang member, and which "was unusual because of the normally antagonistic gangs acting together." Id. at 526. Here, the pleadings reflect that prison officials responded to a single instance of an inmate attacking a correctional officer, as opposed to a riot or multiple assaults.

For these reasons, facts related to the duration, impact, and rationale for the modified program are matters that must be addressed on a fully developed record. Richardson, 594 F.3d at 672 ("claims involving a prisoner's right to exercise require a full consideration of context, and thus a fully developed record").[5] Therefore, defendants' motion to dismiss plaintiff's Eighth Amendment claim should be denied.

### 3. Qualified Immunity

Additionally, because a prisoner's right to outdoor exercise is firmly established, defendants' alternative qualified immunity defense fails. Although the defense may prevail on a motion for summary judgment, see e.g. Noble, 646 F.3d at 1142-48 (9th Cir. 2011) (on appeal from summary judgment, granted defendant prison officials' qualified immunity defense to plaintiff's Eighth Amendment denial-of-outdoor-exercise claim attendant to a prison lockdown), and Norwood, 591 F.3d at 1069 (same), the assessment of the constitutionality of denying

---

[5] Plaintiff pursued similar Eighth Amendment outdoor exercise claims in Arline v. Clark, Case No. 1:07-cv-1097 LJO GSA (E.D. Cal.), based on two modified programs, one lasting 38 days, and another lasting 56 days, while plaintiff was incarcerated in Corcoran. On February 4, 2010, the court recommended that the motion to dismiss plaintiff's Eighth Amendment outdoor exercise claims be granted, and that defendant should be granted qualified immunity. Id., Dkt. No. 37. However, the district court rejected the recommendations, finding it was inappropriate to resolve these issues at the pleading stage. Arline v. Clark, 2010 WL 1267298 (E.D. Cal. March 31, 2010).

outdoor exercise pursuant to a given lockdown or modified program is too fact-dependent to resolve on a motion to dismiss. See e.g. Norwood, 591 F.3d at 1068 ("the qualified immunity inquiry is highly context-sensitive, turning on whether it would be clear to a reasonable officer that denying outdoor exercise was unlawful "in the situation he confronted"") (quoting Saucier, 533 U.S. at 202). In the absence of a fully developed record, qualified immunity does not apply where the facts, construed in the light most favorable to the party asserting the injury, show a violation of a clearly established constitutional right of which a reasonable official should be aware. Anderson v. Creighton, 483 U.S. 635, 640 (1987).

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

For the reasons discussed above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (dkt. no. 24) should be denied; and

2. Within fourteen days from any district court's order adopting these findings and recommendations, defendants shall file an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 29, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

arli3414.mtd