UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DUANE ARLINE, JR., | No. 2:11-cv-3414 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| R. GOWER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 21, 2011.  On July 23, 2014, the magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment be granted. (ECF No.63.)  Plaintiff filed objections on August 6, 2014.  (ECF No. 64.)  On September 2, 2014, the undersigned adopted the findings and recommendations in full and granted summary judgment for defendants, thus concluding the action.  Judgment was entered the same day.

On September 11, 2014, plaintiff filed a document styled, "Motion for Clarification." (ECF No. 67.)  Such motion was procedurally improper and is disregarded.

On September 17, 2014, plaintiff filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).  (ECF No. 68.)  Pursuant to Rule 59(e), the motion must be made within 28 days after entry of judgment.  Since judgment was entered on September 2, 2014, the motion is timely. Defendants did not file an opposition.  Therefore, the motion is deemed submitted

1

pursuant to Local Rule 230(l).

Under Rule 59(e), a motion to alter or amend a judgment applies to "[a]ny motion to alter or amend a judgment" and is appropriate "if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Circuit City Stores, Inc. v. Manto, 417 F.3d 1060, 1064 n.1 (9th Cir. 2005) (quoting Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).  To avoid being frivolous, such a motion must provide a valid ground for reconsideration.  See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).

In this matter, plaintiff has not demonstrated grounds for relief under Rule 59(e). Specifically, he has not pointed to any new controlling law or newly discovered evidence. Further, the Court does not find that entry of summary judgment was based on clear error or resulted in a manifest injustice. In the instant motion for reconsideration, plaintiff merely disputes the findings of the Court and presents arguments he offered earlier[1] and which the Court rejected.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff September 11, 2014 motion (ECF No. 67) is disregarded; and

2. Plaintiff's motion for alteration of judgment (ECF No. 68) is denied.

Dated:  February 3, 2015

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

/cw/arli3414.59e

---

[1] That the court did not recount each and every argument of plaintiff does not demonstrate that his argument was not taken into consideration.  For example, in connection with plaintiff's repeated contention that he demonstrated a causal connection as to defendant Speers based on the fact that Speers "carried out" his supervisor's orders (ECF No. 68 at 2), it was undisputed that only Warden McDonald "had sole authority to implement, modify or terminate the modified program"  (ECF No. 63 at 14), and plaintiff adduced no evidence demonstrating defendant Speers provided input to the warden concerning the modified program (ECF No. 64 at 15).